# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMMY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. CIV-13-1333-HE |
| ) | |
| COMANCHE COUNTY BOARD ) | |
| OF COUNTY COMMISSIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Sammy Johnson, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging statutory and constitutional violations relating to his incarceration at the Comanche County Detention Center ("CCDC"). Consistent with 28 U.S.C. § 636(b)(1)(B), this matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell. Defendants, Comanche County Board of County Commissioners ("Board"), Diane Nix, Frank Williams, Scott Gossen, and William Hobbs, subsequently moved to dismiss plaintiff's claims, or alternatively for summary judgment [Doc. Nos. 26 & 27]. On September 22, 2014, Judge Purcell issued a Report & Recommendation ("Report") recommending that the motions be granted [Doc. #38]. Plaintiff has filed an objection to the Report [Doc. #39]. Having conducted a *de novo* review in light of plaintiff's objections, the court concludes the Report should be adopted for substantially the reasons stated in the Report, as further addressed here.

## Counts I and II

Plaintiff's first two counts allege violations of the American with Disabilities Act ("ADA"). Because the Board in its official capacity (i.e. Comanche County) is the only defendant subject to liability under the ADA, Judge Purcell recommended that the claims against the individual defendants be dismissed. Plaintiff does not object to this recommendation. He does object, however, to the recommendation that summary judgment be granted in the Board's favor on these two counts.

As to the first count, both parties agree that plaintiff, who was held in the medical unit due to an injury on his foot, was treated differently from inmates who were held in the general population in that he did not receive as much recreational or telephone time. The parties dispute the legal significance of these differences. Plaintiff suggests that the Board should be liable for any difference in treatment between inmates who are disabled and those who are not. But the law does not require that both groups be treated identically; it only requires that any difference in treatment be rational. Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 367, 374 (2001). Because of security concerns created by his crutches and the amount of attention required by his medical condition, there was a rational basis for his recreation and telephone access being more limited than that of inmates in the general population. Therefore, summary judgment for the Board is appropriate as to count one.

In plaintiff's second count, he alleges that he was physically unable to properly clean his cell and that he was not provided adequate assistance to ensure that it got cleaned. As a result, he alleges his cell remained filthy, leading to athlete's foot, jock itch, and mental

distress. Judge Purcell recommended that summary judgment be granted in the Board's favor because plaintiff's allegations were conclusory and not properly supported by evidence. Plaintiff's objections to this recommendation are equally conclusory and unsupported. In these circumstances, summary judgment in favor of the Board is appropriate as to the second count.[1]

## Count III

In count three of the complaint, plaintiff alleges that he was retaliated against for filing a grievance and denied his right of access to the courts. In response to defendants' motions, plaintiff "decline[d] to Pursue Count III any further." [Doc. Nos. 29 at 12 & 30 at 8]. Judge Purcell construed this as a motion for leave to amend the complaint in order to dismiss the claim, and recommended it be granted. The court takes no issue with plaintiff's desire to voluntarily dismiss these claims, but in light of the disposition of the remaining claims, it will construe plaintiff's statement as a motion for voluntary dismissal brought pursuant to Fed.R.Civ.P. 41(b) rather than as one for leave to amend. Plaintiff's request will be granted.

## Count IV

Plaintiff's final count alleges that defendants Nix and Williams were deliberately

---

[1] *The Report also discusses a possible Fourteenth Amendment claim alleging that defendants were deliberately indifferent to plaintiff's medical needs and/or the general conditions of his confinement apart from the cleaning of his cell [Doc. #38, Part V]. In his objection, plaintiff clarifies that his only claim of deliberate indifference concerns the safety and sanitation of his cell [Doc. #39 at 7]. In light of this clarification and the discussion above, it is unnecessary to address Part V of the Report and plaintiff's corresponding objections.*

3

indifferent to his need for dental treatment by not allowing him to see a dentist. As Judge Purcell found, the record indicates that plaintiff suffered minor dental problems and was treated by Williams on several occasions. Plaintiff objects to Judge Purcell's assessment of the severity of his condition, but points only to his own unsworn pleadings as proof that his condition was more severe. In any event, the evidence in the record supports at most a negligence claim. To establish a constitutional violation, plaintiff is required to prove more than mere negligence: he must prove deliberate indifference. *See* Duffield v. Jackson, 545 F.3d 1234, 1239 (10th Cir. 2008). Plaintiff's submissions are insufficient to create a justiciable issue of fact under this standard.

Plaintiff challenges the Report and Recommendation on the basis that Judge Purcell incorrectly understood count four to apply only to the individual defendants, not the Board. However, it is unnecessary to resolve that issue as summary judgment in the Board's favor is appropriate in any event. The county cannot be liable if there was not an underlying constitutional violation. *See* Camuglia v. City of Albuquerque, 448 F.3d 1214, 1223 (10th Cir. 2006). As stated above, there were none.

## Conclusion

Having conducted a *de novo* review, the court concludes, substantially for the reasons stated by the Magistrate Judge, that the Report and Recommendation [Doc. #38] should be and is adopted. Plaintiff's request that count III of the complaint be voluntarily dismissed [Doc. Nos. 29 & 30] is **GRANTED** and that count is **DISMISSED**. Defendants' motions for summary judgment [Doc. Nos. 26 & 27] are **GRANTED** as to all remaining claims.

**IT IS SO ORDERED**.

Dated this 17th day of February, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE